**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| SAMUEL LEWIS TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:06-CV-72-CAS |
| | ) |
| PAULA HUFFMAN PHILLIPS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Samuel Lewis Taylor (registration no. 166914) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the

prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on May 30, 2006. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $10.75, and an average monthly account balance of $.50. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.15, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306

(8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Southeast Correctional Center ("SECC"), seeks monetary relief in this 42 U.S.C. § 1983 action against thirty-one defendants, to wit: Paula Huffman Phillips (function unit manager), Unknown Clinton #1 (correctional officer), Unknown Clinton #2 (correctional officer), Unknown Wright (librarian), J. Alexander (mailroom employee), Dave Dormire (superintendent), Jennifer Brown (mailroom supervisor), Darlene Wansing (financial assistant officer), David Gaines (caseworker assistant), Johnny Williams (function unit manager), Lisa Jones (central transfer association employee), Omer Clark (associate superintendent), Greg Rodriguez (CMS medical doctor), Unknown Presston ("clothing issue supervisor"), Unknown Buhs (caseworker assistant), Unknown Hutcheson (librarian), Jason Lewis (educational supervisor), Bill Harris (recreational officer), Unknown Bollinger (caseworker assistant), Chuck Dwyer (superintendent), Unknown Roach

(correctional officer), Unknown Wellington (correctional officer), Unknown Judd (correctional officer), Unknown Hooper (correctional officer captain), Unknown Ellis (function unit manager), Larry Garris (correctional officer), Unknown Ross (correctional officer), Unknown Dan (factory supervisor), Pamala Swartz (nurse practitioner), Linda Manes (SECC employee), and Unknown Horn (classification worker).

Liberally construing the complaint, plaintiff claims, as follows: (1) in retaliation for filing grievances and a lawsuit, defendants Dave Dormire and Lisa Jones transferred him from the Missouri State Penitentiary to SECC; (2) defendants Jennifer Brown and J. Alexander denied him "non-violent publications . . . without legitimate peneological justification" and opened his legal mail outside of his presence; and, without explanation or any legitimate peneological justification, defendant Jennifer Brown rejected letters sent to plaintiff from a female friend; (3) defendant Greg Rodriguez sexually assaulted him on May 15, 2003; (4) every three days during his ad seg confinement, defendant Unknown Presston gave plaintiff dirty clothing to wear "that caused [him] to break out in rashes and other ailments," and on numerous occasions, defendants Presston and Unknown Buhs denied him "thermos (top & bottoms) for extremely cold winter months," as a result of which plaintiff became "quite ill"; (5) plaintiff "was given floor solution to wash [his] body by the authority of" defendants Paula Huffman Phillips and Johnny Williams; (6) while confined in ad seg, defendants

4

Johnny Williams, Unknown Horn, David Gaines, Unknown Bollinger, Omer Clark, and Chuck Dwyer denied plaintiff soap, toothpaste, shampoo, and a toothbrush; (7) defendant Paula Huffman Phillips "wrote [plaintiff] up for murder," denied him a fair disciplinary hearing, and "repeatedly denied [him] . . . soap, shampoo, [and] toothpaste" for the "inordinately long time [he] spent on ad seg"; (8) defendants Omer Clark, David Gaines, Linda Manes, Chuck Dwyer, Bill Harris, Unknown Dan, Jason Lewis, and Unknown Hutcheson denied plaintiff job opportunities due to his race and age; and (9) in retaliation for filing grievances, defendants Unknown Clinton #1 and Unknown Clinton #2 delayed medical treatment for plaintiff's chest pains.

Plaintiff's above-stated claims against defendants Dave Dormire, Lisa Jones, Jennifer Brown, J. Alexander, Greg Rodriguez, Unknown Presston, Unknown Buhs, Paula Huffman Phillips, Johnny Williams, Unknown Horn, Omer Clark, David Gaines, Linda Manes, Chuck Dwyer, Bill Harris, Unknown Dan, Jason Lewis, Unknown Hutcheson, Unknown Bollinger, Unknown Clinton #1, and Unknown Clinton #2 survive review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that said defendants reply to these claims.

Plaintiff also alleges that defendant Paula Huffman Phillips denied him stamps, carbon paper, and envelopes "to help [him] draft legal documents." He generally claims that he was unable to

5

purchase "stationery products" and was denied access-to-the-courts, because defendant Darlene Wansing "extracted [money] from [his] personal account . . . without providing [him] prior notice or an opportunity to a hearing before all of [his] monies were taken to pay court filing fees of the Prison Litigation Reform Act." Plaintiff's allegations do not rise to the level of a constitutional violation and fail to state an access-to-the-courts claim, given that plaintiff has not alleged that he suffered actual prejudice to a nonfrivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 349-55 (1996) (right of access to courts requires showing that inmate had nonfrivolous legal claim actually impeded or frustrated).

Plaintiff alleges that, in violation of his Fourteenth Amendment rights, defendants Darlene Wansing, Paula Huffman Phillips, David Gaines, Johnny Williams, Unknown Bollinger, Omer Clark, and Chuck Dwyer denied him stationery products while he was assigned to long term ad seg. He further alleges that defendants Unknown Hutcheson and Linda Manes, without sufficient evidence, issued him conduct violations for theft. Plaintiff's allegations do not implicate constitutionally-protected interests, because they do not concern an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). Moreover, plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship in which the state might conceivably create a

6

liberty interest.

Plaintiff alleges that he "received a large lump on [his] rectum" several days after defendant Pamala Swartz "did a lubricate[d] rectal digital cavity probe." To state a claim for medical mistreatment, a plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Id. Plaintiff's allegations regarding Pamala Swartz simply are not cognizable as an Eighth Amendment violation.

Plaintiff alleges that defendants Unknown Hutcheson and Unknown Wright denied him "leisure and legal books [and] notary service," as well as "stamps, paper, [and] envelopes to prepare legal documents" which caused plaintiff to miss several court deadlines. He also claims that he was "prejudiced" when defendant Unknown Horn "would not retrieve [his] legal work from the property room." Plaintiff does not allege that he suffered actual prejudice to a nonfrivolous legal claim, see Lewis v. Casey, 518 U.S. at 349-55, and thus, his allegations fail to state an access-to-the-courts claim. Moreover, his allegation regarding "leisure books" is broad, conclusory, and lacks specific factual support, and does not rise to the level of a constitutional violation. Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded.

7

Plaintiff alleges that, in violation of his Fourteenth Amendment rights, defendants Chuck Dwyer, Paula Huffman Phillips, Johnny William, Omer Clark, David Gaines, and Unknown Hooper denied his requests "to cell with white prisoners," but allowed "other prisoners (black & hispanic)" to do so. To succeed on an equal protection claim which, as here, does not involve a constitutional right, an inmate "must show treatment that was invidiously dissimilar from that accorded other inmates, with no rational basis existing for the difference in treatment." Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987); see also Divers v. Department of Corrections, 921 F.2d 191, 193 (8th Cir. 1990). Plaintiff's allegations fail to state a claim for invidiously dissimilar treatment, and thus, this claim is legally frivolous.

Last, plaintiff alleges that defendants Chuck Dwyer, David Gaines, Unknown Roach, Unknown Wellington, Unknown Judd, and Larry Garris "denied [him] due process of law concerning [his] property . . . that was stolen, damaged, and missing." The due process clause may be implicated when a prisoner suffers a loss of property. If the taking of property by prison officials is intentional, however, and the state provides an adequate post-deprivation remedy, there is no violation of due process. Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). Plaintiff does not allege that he lacks an adequate post-deprivation remedy. Furthermore, regardless of the

8

existence of a state post-deprivation remedy, no due process claim exists if the loss of plaintiff's property was the result of negligence.  See Daniels v. Williams, 474 U.S. 327, 328 (1986); accord Davidson v. Cannon, 474 U.S. 344, 347 (1986); Morton v. Becker, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #4] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $2.15 within thirty (30) days from the date of this order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Darlene Wansing, Unknown Wright, Unknown Roach, Unknown Wellington,

9

Unknown Judd, Unknown Hooper, Unknown Ellis, Larry Garris, Unknown Ross, and Pamala Swartz, because the claims against these defendants are legally frivolous and/or fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claims regarding the denial of his right of access-to-the-courts, the denial of stationery products, the issuance of conduct violations for theft, the denial of his requests to cell with white prisoners, and the loss of his personal property are **DISMISSED,** without prejudice, as legally frivolous.

**IT IS FURTHER ORDERED** that, as to defendants Dave Dormire, Lisa Jones, Jennifer Brown, J. Alexander, Greg Rodriguez, Unknown Presston, Unknown Buhs, Paula Huffman Phillips, Johnny Williams, Unknown Horn, Omer Clark, David Gaines, Linda Manes, Chuck Dwyer, Bill Harris, Unknown Dan, Jason Lewis, Unknown Hutcheson, Unknown Bollinger, Unknown Clinton #1, and Unknown Clinton #2, the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants Dave Dormire, Lisa Jones, Jennifer Brown, J. Alexander, Greg Rodriguez, Unknown Presston, Unknown Buhs, Paula Huffman Phillips, Johnny Williams, Unknown Horn, Omer Clark, David Gaines, Linda Manes, Chuck Dwyer, Bill Harris, Unknown Dan, Jason Lewis, Unknown Hutcheson, Unknown Bollinger, Unknown Clinton #1, and Unknown Clinton #2 shall reply to the complaint, with the

exception of the aforementioned claims that have been dismissed as legally frivolous and/or for failure to state a claim or cause of action, within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as <u>Samuel Lewis Taylor v. Paula Huffman Phillips, Unknown Clinton #1, Unknown Clinton #2, J. Alexander, Unknown Wright, Dave Dormire, Jennifer Brown, Darlene Wansing, David Gaines, Johnny Williams, Lisa Jones, Omer Clark, Greg Rodriguez, Unknown Presston, Unknown Buhs, Unknown Hutcheson, Jason Lewis, Bill Harris, Unknown Bollinger, Chuck Dwyer, Unknown Roach, Unknown Wellington, Unknown Judd, Unknown Hooper, Unknown Ellis, Larry Garris, Unknown Ross, Unknown Dan, Pamala Swartz, Linda Manes, and Unknown Horn</u>.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

Dated this <u>7th</u> day of <u>July</u>, 2006.

_____
**UNITED STATES DISTRICT JUDGE**