UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMUEL LEWIS TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-CV-72 CAS |
| ) | |
| PAULA HUFFMAN PHILLIPS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on various motions filed by the plaintiff. For the following reasons, the Court will deny plaintiff's motions.

**I. Background**

Plaintiff Samuel Lewis Taylor filed this action pursuant to 42 U.S.C. § 1983 asserting numerous violations of his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. On July 7, 2006, the Court dismissed plaintiff's claims against defendants Darlene Wansing, Unknown Wright, Unknown Roach, Unknown Wellington, Unknown Judd, Unknown Hooper, Unknown Ellis, Larry Garris, Unknown Ross, and Pamela Swartz. The Court also dismissed plaintiff's claims regarding the denial of his right of access to the courts, denial of stationery products, the issuance of conduct violations for theft, the denial of his requests to have white cell mates, and the loss of his personal property.

The remaining claims are as follows: (1) in retaliation for filing grievances and a lawsuit, defendants Dave Dormire and Lisa Jones, transferred plaintiff from the Missouri State Penitentiary to SECC; (2) defendants Jennifer Brown and J. Alexander denied plaintiff "non-violent publications

. . . without legitimate peneological justification" and opened his legal mail outside of his presence; and, without explanation or any legitimate peneological justification, defendant Jennifer Brown rejected letters sent to plaintiff from a female friend; (3) defendant Greg Rodriguez sexually assaulted him on May 15, 2003; (4) every three days during his ad seg confinement, defendant Unknown Presston gave plaintiff dirty clothing to wear "that caused [him] to break out in rashes and other ailments," and on numerous occasions, defendants Presston and Unknown Buhs denied him "thermos (top & bottoms) for extremely cold winter months," as a result of which plaintiff became "quite ill"; (5) plaintiff "was given floor solution to wash [his] body by the authority of" defendants Paula Huffman Phillips and Johnny Williams; (6) while confined in ad seg, defendants Johnny Williams, Unknown Horn, David Gaines, Unknown Bollinger, Omer Clark, and Chuck Dwyer denied plaintiff soap, toothpaste, shampoo, and a toothbrush; (7) defendant Paula Huffman Phillips "wrote [plaintiff] up for murder," denied him a fair disciplinary hearing, and "repeatedly denied [him] . . . soap, shampoo, [and] toothpaste" for the "inordinately long time [he] spent on ad seg"; (8) defendants Omer Clark, David Gaines, Linda Manes, Chuck Dwyer, Bill Harris, Unknown Dan, Jason Lewis, and Unknown Hutcheson denied plaintiff job opportunities due to his race and age; and (9) in retaliation for filing grievances, defendants Unknown Clinton #1 and Unknown Clinton #2 delayed medical treatment for plaintiff's chest pains. The remaining defendants are Paula Huffman Phillips, Unknown Clinton 1, Unknown Clinton 2, Unknown Wright, J. Alexander, Dave Dormire, Jennifer Brown, David Gaines, Johnny Williams, Lisa Jones, Omer Clark, Greg Rodriguez, Unknown Presston, Unknown Buhs, Unknown Hutcheson, Jason Lewis, Bill Harris, Unknown Bollinger, Chuck Dwyer, Unknown Dan, Linda Manes, and Unknown Horn.

Plaintiff has filed several motions including a motion for permanent injunction and temporary restraining order, motion for reconsideration of partial dismissal, motions for issuance of order to stop taking monies from plaintiff's personal account, and motion to supplement complaint.

## II. **Motion for Permanent Injunction or in the Alternative Temporary Injunction**

To warrant permanent injunctive relief, the Court must balance four factors: "(1) the threat of irreparable harm to the moving party, (2) the balance of harm between this harm and the harm suffered by the nonmoving party if the injunction is granted, (3) success on the merits, and (4) the public interest." Bank One v. Guttau, 190 F.3d 844, 847 (8th Cir. 1999) (citing Dataphas Sys., Inc. v. C. L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981)). In this case, plaintiff has not obtained success on the merits, therefore a permanent injunction would be premature at this time.

Next, the Court will consider plaintiff's alternative motion for a temporary injunction. The factors for a permanent and preliminary injunction are essentially the same, except to obtain a preliminary injunction, the Court considers the probability of movant's success on the merits. The primary purpose of an injunction is to maintain the status quo until a court may grant full effective relief on a final hearing. Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co., 997 F.2d 484, 490 (8th Cir. 1993) (citations omitted); Dataphase, 640 F.2d at 113. The Eighth Circuit has held that the moving party's burden increases when the relief sought constitutes "substantially the relief it would obtain after a trial on the merits." Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc., 815 F.2d 500, 503 (8th Cir. 1987). Furthermore, the Court is mindful of the Eighth Circuit's admonition that "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems

of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

In this case, if the Court granted plaintiff's motion for a temporary injunction, plaintiff would receive the relief he requests in his complaint. See Compl. § VIII. Plaintiff requests a court order directing defendants to "desist in their unconstitutional behavior against plaintiff." Plaintiff asks the Court to order defendants to stop committing the acts alleged in his complaint. The Court will order the defendants to respond to one claim in plaintiff's motion for injunctive relief regarding plaintiff's allegation that on three or four occasions, defendants failed to respond to the emergency button in administration segregation for over an hour after he experienced chest pains. As to the other claims, plaintiff has not shown that he will suffer irreparable harm and the relief he seeks regarding those claims would be obtained after a successful trial on the merits. The Court will deny plaintiff's motion for a temporary injunction as to all claims, except his claim that the defendants did not answer the emergency button for over an hour when plaintiff was experiencing chest pains.

### III. Motion to Reconsider

Next, plaintiff requests that the Court reconsider its partial order of dismissal. The Federal Rules of Civil Procedure do not mention motions for reconsideration. A "motion for reconsideration" which is directed to a non-final order should be construed as a motion under Rule 60(b). Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999); see Anderson v. Raymond Corp., 340 F.3d 520, 525 (8th Cir. 2003). Federal Rule of Civil Procedure 60(b) relieves a party from a final judgment or order on one of six specified grounds: Mistake, inadvertence, surprise, or excusable neglect, Fed. R. Civ. P. 60(b)(1); newly-discovered evidence which by due diligence could not have been discovered in time for a Rule 59(e) motion, Fed. R. Civ. P. 60(b)(2); fraud, misrepresentation or other misconduct of an adverse party, Fed. R. Civ. P. 60(b)(3); the judgment is void, Fed. R. Civ. P. 60(b)(4); the

judgment has been satisfied, released, or discharged, or an earlier judgment on which this judgment is based has been reversed or vacated, or it is no longer equitable that the judgment have prospective application, Fed. R. Civ. P. 60(b)(5); and any other reason justifying relief from the operation of the judgment, Fed. R. Civ. P. 60(b)(6).

Relief under Rule 60(b) is limited. A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. Schwieger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 487 (8th Cir. 2000). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir.), cert. denied, 469 U.S. 1072 (1984). The Court finds that plaintiff has not shown adequate circumstances that would justify reconsideration of the Court's order of dismissal. Therefore, the Court will deny plaintiff's motion to reconsider.

## IV. Motion to Supplement Complaint

Plaintiff requests leave to file a supplemental complaint. A supplemental complaint was attached to the motion for leave and listed eight claims plaintiff wished to add to his complaint. The Court does not allow the amendment of complaints by supplementation. If the Court allowed amendment by supplementation, there would be confusion regarding the pending claims for the parties and the Court. If plaintiff wishes to amend his complaint, he must file a motion for leave to file an amended complaint with the proposed amended complaint attached. Generally, an amended complaint supersedes the original and renders it of no legal effect. In Home Health, Inc. v. Prudential Ins. Co., 101 F.3d 600, 603 (8th Cir. 1996). The Court cautions plaintiff that any amended complaint replaces the original complaint. Therefore, plaintiff must include all of his claims against all parties in any amended complaint. If plaintiff does file a motion for leave to amend his complaint, the proposed amended complaint should not re-allege claims that were dismissed by the Court in its

Order of July 7, 2006. Accordingly, plaintiff's motion for leave to supplement complaint will be denied.

## V. Motion to Appoint Counsel

Plaintiff requests appointment of counsel. Pro se plaintiffs do not have a constitutional or statutory right to appointed counsel. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citations omitted). When an indigent prisoner pleads a nonfrivolous case, the Court may appoint counsel. See 28 U.S.C. § 1915(e). The Court considers the following factors to determine whether counsel should be appointed: (1) the factual complexity of the issues, (2) the ability of the indigent person to investigate facts, (3) the existence of conflicting testimony, (4) the ability of the indigent person to present the claims, and (5) the legal arguments. Phillips, 437 F.3d at 794 (citations omitted). In some instances, a court may deny a motion for appointment of counsel without prejudice because it believes the record is insufficient to determine, one way or the other, whether it would be appropriate to appoint counsel when the above factors are considered. See Phillips, 437 F.3d at 794 (citations omitted). Discovery has not started and defendants have not been served. The Court believes that the record is insufficient at this time to determine whether counsel should be appointed. Therefore the Court will deny plaintiff's motion for appointment of counsel without prejudice.

## VI. Motions for Issuance of Compliance Order

Plaintiff has filed two motions requesting that the Court order former defendant Darlene Wansing to comply with the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"). Plaintiff contends that Wansing has been taking money out of plaintiff's prison account for Court filing fees when the account balance was less than $10.00 and taking money in the guise of victim compensation. In the Order of July 7, 2006, the Court assessed plaintiff an initial partial filing fee of $2.15. The Court also ordered that <u>after</u> the payment of the initial partial filing fee, plaintiff is

required to make monthly payments of 20 percent of the preceding month's income each time the amount in his account exceeds $10.00. Plaintiff's initial partial filing fee of $2.15 is the only fee that has been paid to the District Court as of this date. The facts alleged in plaintiff's motion to comply and second motion requesting compliance to court order do not show that defendant Wansing has violated the Order of July 7, 2006. In addition, Wansing is no longer a defendant in this action. Therefore, plaintiff's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for permanent injunction is **DENIED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary injunction is **DENIED in part** and **HELD IN ABEYANCE in part** regarding plaintiff's claim that defendants did not answer the emergency call button in the administrative segregation cell for over an hour when plaintiff experienced chest pains. [Doc. 2]

**IT IS FURTHER ORDERED** that defendants shall file a response to plaintiff's claim that defendants did not answer the emergency call button in the administrative segregation cell for over an hour when plaintiff experienced chest pains no later than **August 28, 2006**.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration is **DENIED**. [Doc. 11]

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement complaint is **DENIED**. [Doc. 14]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [Doc. 6]

**IT IS FURTHER ORDERED** that plaintiff's motion to comply is **DENIED**. [Doc. 13]

7

**IT IS FURTHER ORDERED** that plaintiff's second motion requesting compliance to court order is **DENIED**. [Doc. 15]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 15th day of August, 2006.