# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMUEL LEWIS TAYLOR, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:06-CV-72 CAS |
| PAULA HUFFMAN PHILLIPS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's alternative motion for temporary injunction and motion not to dismiss defendants Rodriguez and Bell. For the following reasons, the Court will deny plaintiff's motions.

**Background**

Plaintiff Samuel Lewis Taylor filed this action pursuant to 42 U.S.C. § 1983 asserting numerous violations of his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. On July 7, 2006, the Court dismissed plaintiff's claims against defendants Darlene Wansing, Unknown Wright, Unknown Roach, Unknown Wellington, Unknown Judd, Unknown Hooper, Unknown Ellis, Larry Garris, Unknown Ross, and Pamela Swartz. The Court also dismissed plaintiff's claims regarding the denial of his right of access to the courts, denial of stationery products, the issuance of conduct violations for theft, the denial of his requests to have white cell mates, and the loss of his personal property.

On August 15, 2006, the Court denied plaintiff's motion for temporary injunction, motion for reconsideration, motion to supplement complaint, motion to appoint counsel, motion to comply, and second motions requesting compliance. The Court also denied in part, and held in abeyance in part,

plaintiffs' motion for temporary injunction regarding plaintiffs' claim that defendants did not answer the emergency call button in his administrative segregation cell for over an hour when he experienced chest pains. The Court also ordered the defendants to file a response to plaintiffs' claim that defendants did not answer the emergency call button.

**Alternative Motion for Temporary Injunction**

When ruling on a motion for a preliminary injunction the Court must weigh four factors: (1) the probability of success on the merits, (2) the threat of irreparable harm to the movant, (3) the balance between the harm and the injury that granting the injunction will inflict on other interested parties, and (4) the public interest. Dataphase Sys., Inc. v. C. L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981). Additionally, "the party seeking injunctive relief bears the burden of proving all the Dataphase factors." Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003).

The primary purpose of an injunction is to maintain the status quo until a court may grant full effective relief on a final hearing. Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co., 997 F.2d 484, 490 (8th Cir. 1993) (citations omitted); Dataphase, 640 F.2d at 113. The Eighth Circuit has held that the moving party's burden increases when the relief sought constitutes "substantially the relief it would obtain after a trial on the merits." Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc., 815 F.2d 500, 503 (8th Cir. 1987). Furthermore, the Court is mindful of the Eighth Circuit's admonition that "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Plaintiff requests a court order directing defendants to "desist in their unconstitutional behavior against plaintiff." Specifically, plaintiff alleges that on three or four occasions, defendants

2

failed, for over an hour, to respond to his emergency call button in administration segregation when he experienced chest pains.

In response to the Court's Order of August 15, 2006, defendants assert that the temporary injunction is unwarranted for four reasons, citing Lankford v. Sherman, 451 F.3d 496, 503 (8th Cir. 2006) (discussing Dataphase factors). Defendants first argue that plaintiff cannot prove a threat of irreparable harm because he does not allege that he is currently in administrative segregation and there is no evidence to suggest that he was mistreated by prison officials in the past as plaintiff's medical records indicate that he has received frequent medical care. Second, defendants argue that plaintiff has not shown that the risk of irreparable harm to him outweighs harm to prison officials if an injunction were granted because they have not been put on sufficient notice of the past harm they allegedly caused plaintiff or the future harm an injunction would prevent, and an injunction could cause defendants to have to deviate from Department of Corrections policies. Next, defendants assert that plaintiff has not demonstrated a probability of success on the merits because he has submitted no evidence that defendants actually knew of, but disregarded, his serious medical needs, and in contrast, defendants have presented evidence that plaintiff received his requested medical treatment. Finally, defendants contend that the public interest would be harmed if reasonable actions taken by prison officials to ensure prison safety and security are scrutinized, hindered, and blocked by the courts without clear evidence of ongoing constitutional violations.

In reply, plaintiff argues that if the relief he seeks is not granted, he is likely to be unfairly placed in administrative segregation again because the defendants continue to harass him. Additionally, plaintiff claims that because he suffers from high cholesterol he is at increased risk for a heart malfunction. Plaintiff further alleges that if he were to have another medical emergency while in administrative segregation, he would again be denied medical treatment.

The Court finds that plaintiff has not met the burden as set out in Dataphase to establish that a preliminary injunction is warranted in this action. Specifically, plaintiff has not shown a reasonable likelihood of success on the merits, and has not shown that he will suffer irreparable harm if an injunction is not granted. Because plaintiff has not established the first two Dataphase factors, the harm to defendants and to the public interest if the injunction is granted outweighs any potential harm to plaintiff.

Although plaintiff contends that his calls for emergency assistance went unanswered for a period of two hours, he offers little evidence, other than the bare assertions in his complaint, to support this claim. While plaintiff does offer evidence of his elevated cholesterol levels, he offers minimal evidence that defendants ignored this condition in the past or that they will do so in the future. Conversely, defendants produced medical logs which indicate that they provided plaintiff with medical assistance whenever he requested it. When all of the Dataphase factors are weighed, the balance overwhelmingly tips in defendants' direction. Therefore, the Court will deny plaintiff's motion for a temporary injunction as to plaintiff's claim that defendants failed to respond to his emergency call button.

**Motion Not to Dismiss Defendants Rodriguez and Bell**

Plaintiff also moves the Court not to dismiss Greg Rodriguez and Nurse Bell from this action. On July 7, 2006, the Court ordered that process be issued as to the defendants to this action. While the Court ordered that process should issue as to defendant Greg Rodriguez, it did not do so for Nurse Bell because Bell is not a party to this action.[1] On July 11, 2006, the Court issued a letter to

---

[1] Although plaintiff asserts that Bell is a party to this action because she is mentioned in his memorandum in support of the motion for preliminary injunction, only those persons or entities actually named as defendants in a complaint are the parties defendant to an action. See Rule 10(a), Fed. R. Civ. P. ("In the complaint the title of the action shall include the names of all the parties, . . . .")

4

Correctional Medical Systems ("CMS") regarding its potential waiver of service for Greg Rodriguez. CMS was directed to either waive service and respond to plaintiff's complaint, or inform the Court that it would not waive service for Rodriguez, and the reasons therefore. On August 28, 2006 CMS responded, informing the Court that it would not waive service as to Greg Rodriguez because he was not currently employed by it. By letter dated August 30, 2006, the Clerk informed plaintiff that CMS was not waiving service for Rodriguez and that plaintiff must provide an address at which he could be served within the 120 days provided by Rule 4.01[2]. In the same letter plaintiff was informed that service had not been waived as to defendants Unknown Bollinger and Chuck Dwyer, and that if these defendants were not timely served, they could be dismissed from this action.

On September 6, 2006, plaintiff filed the instant motion not to dismiss defendants Greg Rodriguez and Nurse Bell. Plaintiff has not, however, provided an address for service of summons and complaint on defendant Rodriguez or for defendants Unknown Bollinger and Chuck Dwyer as directed by the Court. The 120-day time period to serve these three individuals has now expired. Therefore, the Court should deny plaintiff's motion not to dismiss Greg Rodriguez, and should dismiss plaintiff's complaint as to Greg Rodriguez, Unknown Bollinger, and Chuck Dwyer without prejudice pursuant to Rule 4(m) Fed. R. Civ. P. Plaintiff's motion not to dismiss Nurse Bell should be denied as moot, as Bell is not a party to this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a temporary injunction is **DENIED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion not to dismiss defendant Greg Rodriguez is **DENIED.** [Doc. 24]

---

[2]The reference should have been to Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's motion not to dismiss Nurse Bell is **DENIED** as moot. [Doc. 24]

**IT IS FURTHER ORDERED** that defendants Greg Rodriguez, Unknown Bollinger, and Chuck Dwyer are dismissed from this action without prejudice for plaintiff's failure to comply with Rule 4(m), Fed. R. Civ. P.

An appropriate order of partial dismissal will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of November, 2006.