UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMUEL LEWIS TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-CV-72 CAS |
| ) | |
| PAULA HUFFMAN PHILLIPS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This closed prisoner civil rights matter is before the Court on a document entitled "Comply Motion and/or Reopen Case" (the "Motion to Reopen"). On February 5, 2007, plaintiff filed a "Plaintiff Request for Voluntary Dismissal." In the Request, plaintiff asked to voluntarily dismiss this action. After reciting some facts concerning receiving opened legal mail, a search of his cell at Southeast Correction Center ("SECC") and his receipt of a conduct violation, plaintiff stated,

> For the following reasons mentioned supra, plaintiff request[s] this Court to allow plaintiff to voluntarily dismiss complaint because the defendants continue to retaliate against plaintiff. Nothing is being done about the defendant's actions. Plaintiff is not allowed to request the cameras in plaintiff[']s behalf to prove the officers misconduct.

Req. for Vol. Dismissal at 2, ¶ 8. The document concluded, "Wherefore, plaintiff prays to grant plaintiff voluntary dismissal of the above-style [sic] cause of action and because the defendants stated plaintiff did not exhaust all of administrative remedies." Request for Vol. Dismiss. at 2. The plaintiff's cover letter addressed to the Clerk and enclosing the request to voluntarily dismiss stated in part, "I am being retaliated against because of this lawsuit. All I ask of the judge is to warn the defendants to allow plaintiff (me) IRR's so [I] can exhaust my issues." Taylor letter dated January

29, 2007 [Doc. 49, at 1]. On February 7, 2007, the Court granted plaintiff's request for voluntary dismissal and dismissed this action without prejudice. [Doc. 50]

In the instant Motion to Reopen, plaintiff states that he (1) "filed a motion to dismiss on the grounds of retaliation and suppose [sic] failure to comply with exhaustion of all the issues presented in this case;" and (2) "specifically requested dismissal of this complaint provided that the defendants specifically name the unexhausted issues and for retaliation." Mot. to Reopen at 1, ¶¶ 1-2. Plaintiff then states, "The defendants nor this Court gave any indication on why plaintiff requested the grounds for dismissal and did not warn the defendants to supply grievance(s) to exhaust the issues in which the defendants claim have not been exhausted." Id., ¶ 3. Plaintiff also states that defendants' counsel has not directed the defendants to provide plaintiff with grievances in order to exhaust his claims. Id., ¶ 4. Plaintiff requests that the Court "compel the defendants to provide plaintiff with grievance(s) and the specific reason on which issues have not been exhausted and/or in the alternate reopen the above-style cause of action immediately of all the defendants and to allow plaintiff to immediately file on original complaint." Id. at 2.

The issues plaintiff raises in the Motion to Reopen appear to assert that plaintiff's request for voluntary dismissal was contingent upon the Court directing the defendants to identify unexhausted issues and provide plaintiff with grievance forms. Plaintiff's request for voluntary dismissal did not contain any such conditions as plaintiff now asserts. The request stated that plaintiff was being retaliated against and asked only that the Court grant plaintiff a voluntary dismissal of the action because it was unexhausted. The cover letter to the Clerk, which was not addressed to the Court and is not a part of the motion, asked only that the defendants be "warned" to allow plaintiff to exhaust his issues.

The Court will not set aside the voluntary dismissal based on issues which plaintiff raises for the first time only after his request to dismiss the action was granted. Plaintiff may not attempt to clarify or recharacterize his request to dismiss the action at this point by adding conditions that it did not contain. Plaintiff is, however, free to refile his action whenever he believes that his claims are exhausted, or when he omits any unexhausted claims. See Jones v. Bock, 127 S. Ct. 910, 924-25 (2007).

The Court notes that in the defendants' Memorandum in Support of Motion for Judgment on the Pleadings [Doc. 36], defendants asserted that plaintiff filed fourteen grievances at SECC, and listed each grievance by number and subject matter. The defendants conceded in the motion that all but two of the grievances were exhausted. See Mem. Supp. Mot. J. on Pleadings at 5-6. The defendants also attached copies of all of the referenced grievances to the Memorandum in Support. This information should be sufficient to inform plaintiff which of his grievances the defendants contend were not exhausted. Further, plaintiff is free to request grievance forms from the appropriate prison officials without any involvement of the Court. See Sergent v. Norris, 330 F.3d 1084, 1085-86 (8th Cir. 2003).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Comply Motion and/or Reopen Case," construed as a motion to set aside the voluntary dismissal and reopen this action, is **DENIED**. [Doc. 51]

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __27th__ day of February, 2007.